# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
GERALDINE F. HUGHES,                 *
                                     *        No. 10-409V
                Petitioner,          *        Special Master Christian J. Moran
                                     *
v.                                   *        Filed: March 5, 2013
                                     *
SECRETARY OF HEALTH                  *        Attorneys' fees and costs; award in the
AND HUMAN SERVICES,                  *        amount to which respondent has not
                                     *        objected
                Respondent.          *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

### UNPUBLISHED DECISION ON FEES AND COSTS[1]

Diana L. Stadelnikas, Maglio Christopher and Toale, Sarasota, FL, for Petitioner;
Jennifer L. Reynaud, U.S. Department of Justice, Washington, D.C., for Respondent.

Petitioner, Geraldine F. Hughes, filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter on March 4, 2013. Previously, Ms. Hughes informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $18,400.00, an amount to which respondent does not object. The Court awards this amount.

Ms. Hughes filed for compensation on June 30, 2010, alleging that she was injured by the influenza vaccine she received on September 3, 2009. Ms. Hughes filed her medical records on August 26, 2010, as required by 42 U.S.C. § 300aa-11(c) and Vaccine Rule 2(c)(2)(A). Additional records were filed on November 5, 2010, and June 27, 2011.

On October 14, 2011, after a period devoted to settlement discussions, respondent filed a status report indicating that the parties' efforts had been unsuccessful. Respondent filed her Rule 4 report on November 28, 2011, recommending that Ms. Hughes's claim be denied. Resp't

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Rep't at 10, 12. Petitioner was afforded an opportunity to file an expert report supporting her claim, but was unable to find an appropriate medical expert.

On September 28, 2012, Ms. Hughes filed a motion for decision on the record. In support of her motion, Ms. Hughes stated that "further investigation of the facts and science supporting her case has demonstrated to Petitioner that it is not likely she will be able to prove vaccine causation of the injury alleged to the preponderance standard required by the Vaccine Act in this case and therefore unable to prove [she] is entitled to compensation in the Vaccine Program." Ms. Hughes stated that to proceed further with her case would be "unreasonable, and would waste the resources of the Court, the Respondent, and the Vaccine Program." Pet'r Mot. at 1. Respondent maintained her position outlined in her Rule 4 report. Resp't Resp. at 1. Ms. Hughes's claim was dismissed for insufficient proof. Decision, filed Oct. 3, 2013.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, counsel for petitioner gathered and filed medical records, engaged in settlement discussions, attempted to obtain an expert report, and moved for a decision on the record when further investigation revealed that petitioner was unlikely to prove her case. Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that petitioner failed to satisfy these criteria.

Ms. Hughes seeks a total of **$18,400.00** in attorneys' fees and costs for her counsel. Additionally, in compliance with General Order No. 9, Ms. Hughes states that she incurred no out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the court awards a check made payable to petitioner and petitioner's attorney in the amount of **$18,400.00** for attorneys' fees and other litigation costs. The court thanks the parties for their cooperative efforts in resolving this matter.

The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.